FILED
2026 Oct-28 PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| MARDEDUES MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:26-cv-00053-MHH-HNJ |
| | ) | |
| LIMESTONE CORRECTIONAL FACILITY, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Mardedues Mack ("Mack") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). On January 20, 2026, the Magistrate Judge granted Mack's application to proceed *in forma pauperis* and informed Mack that he must pay an initial partial filing fee of $8.73 pursuant to 28 U.S.C. § 1915(b)(1) and return a signed Prisoner Consent form within 30 days. (Doc. 4 at 1-2). The Magistrate Judge warned Mack that failure to comply with the order may result in dismissal of this action without further notice. (Doc. 4 at 2). Because Mack did not pay the initial partial filing fee, return a signed Prisoner Consent Form, or otherwise respond to the January 20, 2026, Order, the Magistrate Judge entered a report on March 2, 2026, recommending the court dismiss this action without prejudice for Mack's failure to prosecute his claims. (Doc. 5).

On March 30, 2026, the court received Mack's correspondence complaining

about the conditions of his confinement. (Doc. 6 at 1-2). Mack also claimed difficulty meeting court-imposed deadlines due to his serious mental illness and delays in mail delivery. (Doc. 6 at 3). The undersigned granted Mack's construed request for an extension of time to comply with the court's January 20, 2026, Order and gave him an additional 30 days to pay his initial partial filing fee of $8.73 and return a signed copy of the attached Prisoner Consent Form.

On May 11, 2026, the court received Mack's correspondence wherein he represented he did what the court "requested with the consent form" and that he now has money in his account to pay the $8.37 initial partial filing fee. (Doc. 8). On May 14, 2026, the court received Mack's $9.00 initial partial filing fee. Because the court had not received Mack's signed Prisoner Consent Form, on May 28, 2026, the court required Mack to either (1) return a signed copy of the attached Prisoner Consent Form; or (2) file a notice to the court explaining why prison officials have not mailed the signed Prisoner Consent Form within 14 days. (Doc. 9).

Subsequently, the court's review of Mack's complaint revealed the Alabama Department of Corrections ("ADOC") transferred him to the St. Clair Correctional Facility. (Doc. 10). Accordingly, the court ordered him to file a notice within 14 days informing the court of (1) his new mailing address and (2) whether he wishes to continue prosecuting his claims. The court also granted Mack an additional 14 days to comply with the court's May 28, 2026, Order. (Doc. 10).

On July 10, 2026, the court received Mack's correspondence asking for yet

another copy of the Prisoner Consent Form. (Doc. 13). The court allowed Mack one final chance to return a signed Prisoner Consent Form within 14 days and informed Mack no further extensions would be granted. (Doc. 14). The court received Mack's signed Prisoner Consent Form on August 21, 2026. (Doc. 15).

Accordingly, the undersigned **WITHDRAWS** the March 2, 2026, Report and Recommendation. (Doc. 5).

**DONE** and **ORDERED** this 28th day of October, 2026.

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE